UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAUWAN TIMS,

                Petitioner,                              Case Number: 17-14164
                                                                         Honorable Mark A. Goldsmith

v.

WAYNE COUNTY,

                Respondent.
_____/

## OPINION & ORDER
## (1) DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE (Dkt. 1), (2) DECLINING TO ISSUE A CERTIFICATE OF APPEALABLITY, AND (3) DENYING LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS

      Petitioner Jauwan Tims, currently confined at the Wayne County Jail in Detroit, Michigan, filed a pro se petition for a writ of habeas corpus. Petitioner is awaiting trial in Wayne County Circuit Court on charges of assault with intent to murder, assault with intent to do great bodily harm, unarmed robbery, assault with a dangerous weapon and felony firearm. He challenges his custody on the following grounds: (i) unlawful imprisonment; (ii) insufficient evidence; (iii) ineffective assistance of counsel; and (iv) violation of the Double Jeopardy Clause. The Court finds that Petitioner has not exhausted his state court remedies for these claims and dismisses the petition without prejudice.

## I. BACKGROUND

      The petition concerns the filing of several separate criminal cases against Petitioner in Wayne County Circuit Court, which all apparently arose from the same incident. Petitioner states that he was charged with a crime on August 21, 2017 and bond was set at $250,000. He states that the case was dismissed on September 14, 2017. Pet. at 1, PageID.1 (Dkt. 1). According to the petition, charges relating to the same offenses were again filed on September 15, 2017, and dismissed on November 28, 2017. Id. Finally, charges were filed a third time. Id. The publicly

available Wayne County Circuit Court docket sheets for these cases confirm that the first two criminal cases (case numbers 17-008491-01-FC & 17-058877-01) were dismissed by an order of nolle prosequi. See Walburn v. Lockheed Martin Corp., 431 F.3d 966, 972 n.5 (6th Cir. 2005) (courts may take judicial notice of proceedings in other courts). The third criminal case (case no. 17-010721-01-FC) resulted in conviction on April 5, 2018.

Petitioner filed this habeas petition on December 21, 2017.

## II. ANALYSIS

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 Cases. If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. McFarland v. Scott, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). A petition may be summarily dismissed where the allegations are so "vague (or) conclusory" that they do not "point to a real possibility of constitutional error." Blackledge v. Allison, 431 U.S. 63, 76 (1977) (internal citations omitted). "[A] claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the Petitioner to relief." Gray v. Netherland, 518 U.S. 152, 162-163 (1996) (internal citations omitted). See also Perez v. Hemingway, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001) ("A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed.").

The pending habeas petition will be dismissed under Rule 4 because Petitioner has not exhausted his state court remedies, which he must do before seeking habeas relief in the federal courts. Title 28 U.S.C. § 2241 confers upon federal courts jurisdiction to consider habeas corpus petitions filed by pretrial detainees. Atkins v. People of the State of Michigan, 644 F.2d 543, 546

(6th Cir. 1981). However, "courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." Id. Abstention from intrusion into state court proceedings is justified by the doctrine of comity which reduces friction between state and federal court systems by providing state courts the opportunity to correct a constitutional violation in the first instance. O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). The requirement that a habeas petitioner exhaust state court remedies before seeking relief in federal court "protect[s] the state courts' opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes." Id. State prisoners in Michigan must raise each claim in the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. See Manning v. Alexander, 912 F.2d 878, 881 (6th Cir. 1990).

Petitioner's claims may be resolved in the pending state court proceeding or on appeal. Petitioner, therefore, must await resolution of his claims on state court appeal before he can file a habeas corpus petition. See Campbell v. Zych, No. 08-14804, 2009 WL 377081, *2 (E.D. Mich. Feb. 11, 2009) (summarily dismissing habeas petition filed by pretrial detainee where claims had not been exhausted); Jenkins v. Montgomery County Jail, 641 F. Supp. 148 (M.D. Tenn. 1986) (dismissing habeas petition alleging due process violations where petitioner failed to provide state courts with initial opportunity to pass upon claims). With regard to his speedy trial claim, that claim must also be exhausted in state court. Atkins, 644 F.3d at 546-547 (holding that while a federal court may consider a pretrial habeas corpus petition in certain circumstances, including one where a petitioner seeks a speedy trial, the petitioner must, nevertheless, exhaust the speedy trial claim prior to seeking habeas relief).

A federal court may "sometimes appropriately interfere by habeas corpus in advance of final action by the authorities of the State," but such cases are "exceptional" and of "great

urgency." Urquhart v. Brown, 205 U.S. 179, 182 (1907); Smith v. Evans, No. 08-11188, 2008 WL 880007, *2 (E.D. Mich. March 31, 2008). Petitioner fails to allege any urgent circumstances sufficient to warrant interference by this Court in a matter pending in state court.

### III. CONCLUSION

For the reasons stated, the Court concludes that Petitioner has not exhausted his state court remedies and that no extraordinary circumstances warrant intrusion into the state court proceedings. Accordingly, it is ordered that the petition for writ of habeas corpus is dismissed without prejudice.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). Reasonable jurists would not debate the Court's assessment of Petitioner's claims, nor conclude that the issues deserve encouragement to proceed further. The Court therefore denies a certificate of appealability under 28 U.S.C. § 2253(c)(2). See Slack v. McDaniel, 529 U.S. 473, 484 (2000). Finally, because an appeal could not be taken in good faith, the Court denies leave to proceed in forma pauperis on appeal, should Petitioner decide to appeal this decision. 28 U.S.C. § 1915(a)(3).

SO ORDERED.

Dated: August 23, 2018  
Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge

### **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 23, 2018.

s/Karri Sandusky  
Case Manager